JULIA SMITH GIBBONS, Circuit Judge,
concurring in part and dissenting in part.
In my view, both the panel majority and the district court, although reaching differing conclusions, have strayed into thorny issues of Title VII statutory construction that need not be considered to resolve this case. In so doing, they have overlooked rather basic and obvious principles that should be the basis for decision. Consequently, I join only limited portions of the majority opinion and respectfully dissent from the remainder.
The key to understanding the issues in this case is examining the precise language of the EEOC’s pleadings. The EEOC’s Complaint in Intervention, filed December 23, 2005, alleges that Cintas has intentionally discriminated against the three named plaintiffs and “a class of women” by refusing to recruit and hire them as SSRs because of their sex. No other elaboration is provided. Section 706 is only mentioned as one of the statutory provisions under which the EEOC believed it was authorized to bring suit. That first pleading was superseded by the EEOC’s First Amended Complaint, filed August 20, 2009. The operative language of the First Amended Complaint with respect to Cintas’s alleged discriminatory practices is identical to that of the Complaint in Intervention, except that the class of women is more specifically defined as “a class of women in the State of Michigan.”
When Cintas sought judgment on the pleadings, it focused on the issue of whether a pattern-or-practice claim could be brought under § 706. But, as the majority recognizes, the motion necessarily implicated the sufficiency of the pleadings to raise a pattern-or-practice claim under any statutory provision. The district court focused on the statutory construction issue and concluded that such a claim could not be brought under § 706. The majority tackles both the question of whether § 706 is a proper vehicle for assertion of a pattern-or-practice claim, holding that it is, and the pleading sufficiency issue. With respect to the pleading sufficiency issue, the majority characterizes the pleading insufficiency as the plaintiffs’ failure to state their intention to proceed under the Teamsters framework or to plead a prima facie case under that framework. The majority determines that neither is required and therefore finds the complaint sufficient.
The majority is correct, I believe, in its assessment that neither mention of Teamsters nor the pleading of a prima facie case is required to bring a pattern-or-practice claim. But the point on which I differ from the majority is its conclusion that, since neither is required, the EEOC has therefore pled a pattern-or-practice claim. The EEOC’s operative First Amended Complaint does not include even a shred of an allegation suggesting a pattern-or-practice claim. Like the Complaint in Intervention that it followed, it is fairly read only as pleading disparate treatment claims on behalf of the named plaintiffs and the women comprising the alleged class. The EEOC’s pleadings give no notice that it is pursuing some other theory of relief.
Implicit in the majority’s opinion is the notion that, because the complaint need not state an intent to proceed under Teamsters or the facts that will constitute a prima facie case, it is sufficient for the complaint to list the statutory provision under which suit is brought. There are situations in which that premise is arguably correct. For example, had the complaint sought relief under § 707, which *907 specifically authorizes the EEOC to bring pattern-or-practice claims and only relates to such claims, it might be a viable argument that the statutory reference operates as notice of the claim brought. But the premise is not sound where the statutory provision cited is § 706, which is not limited to a particular type of employment discrimination claim.
Nor does mention of a “class” claim give notice of the nature of the claim. While certainly most, perhaps virtually all, pattern-or-practice cases are “class” cases, not all EEOC “class” cases are pattern-or-practice cases. A “class” case, from the EEOC’s perspective, is simply a “suit[ ] on behalf of multiple aggrieved individuals who were victims” of a discriminatory employment practice or policy. See U.S. Equal Employment Opportunity Comm’n, A Study of the Litigation Program Fiscal Years 1997-2001, at § B.2 (Aug. 13, 2002), available at http://web.archive.org/web/ 20021023165009/http://www.eeoe.gov/ litigation/study/study.html. In a “class” case, the EEOC may proceed under the McDonnell Douglas paradigm to prove the discrimination claims of one or more individual charging parties as a platform for obtaining relief for a broader, unidentified group of individuals. See, e.g., E.E.O.C. v. Horizon/CMS Healthcare Corp., 220 F.3d 1184, 1189, 1191-1200 (10th Cir.2000) (analyzing a pregnancy discrimination suit brought by the EEOC on behalf of four “[c]harging [p]arties and a group of similarly-situated pregnant employees” under McDonnell Douglas and rejecting analogies to pattern-or-practice cases). Thus, the mere mention that relief is sought on behalf of a “class” and the prayer for “class” relief add nothing as far as notice that a pattern-or-practice claim is being pursued.
The complaint here simply does not set forth sufficient facts to make the EEOC’s claim for relief plausible. As the majority notes, “[T]he pleading requirements for Title VII claims are no different than those for other claims; they are subject to the same requirement of setting forth ‘enough facts to state a claim to relief that is plausible on its face.’ ” Maj. Op. at 897 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The Twombly standard is not met, in my view.
The majority seeks to excuse the EEOC’s omission by saying that it may have relied on the complaint of the individual plaintiffs to allege a pattern or practice of discrimination. The operative complaint of the individual plaintiffs, the Second Amended Complaint, filed September 12, 2005, does contain allegations sufficient to state such a claim. But I know of no reason that the EEOC should be able to rely on this complaint rather than advising the court and other parties in straightforward fashion which claims brought by individual parties it intends to pursue. See 5A Charles Alan Wright et ah, Federal Practice & Procedure § 1326 (3d ed. 2004) (“[R]eferences to prior allegations must be direct and explicit, in order to enable the responding party to ascertain the nature and extent of the incorporation.”)
Because the EEOC’s complaint fails to state a pattern-or-practice claim, Cintas’s motion was properly granted. The extensive analysis of the majority with respect to §§ 706 and 707 is simply unnecessary, and I would not reach that issue here.
The majority’s treatment of the denial of the motion to amend, the discovery issues, the individual claims and, in part, the attorneys fees issue is premised on its ruling on the pattern-or-practice issue. Because I disagree with the majority’s resolution of the pattern-or-practice issue, I might resolve some of the other issues differently. But it seems an unproductive use of judi *908 cial resources for me to analyze each of those issues in view of my preferred outcome in the case. My view on the pattern- or-practice issue, however, precludes my joining my fellow panelists’ resolution of those issues. I do join the majority, however, in concluding that the EEOC satisfied its administrative prerequisites to suit and that, whatever the resolution of the pattern-or-practice issue, the district court abused its discretion in ordering the EEOC to pay Cintas’s attorneys fees and costs.